BENJAMIN F. TABOR, RESPONDENT, v. WILLIAM M. HOFFMAN, APPELLANT.

*Secrets of trade — when a person who has procured knowledge of them surreptitiously will be enjoined from availing himself of such knowledge.*

This action was brought to restrain the defendant from manufacturing and selling pumps made from patterns copied from certain patterns designed by the plaintiff. It appeared that in 1861 the plaintiff had invented and taken out letters patent for a rotary pump, and had manufactured and sold such pumps until the patent expired; that about eight years since he invented several improvements upon the old pump, and thereafter continued to manufacture pumps with these improvements and abandoned the manufacturing of the old pumps; that these improved patterns were kept by him as a secret of his trade or business, and not thrown upon the market or given to the public.

*Held,* that the manufacture and sale of the improved pumps was not a publication of the plans, specifications and patterns from which the pumps were manufactured.

That the defendant had no right to procure copies thereof, surreptitiously without the knowledge of the plaintiff, by employing one of his pattern-makers to make them, and that he should be enjoined from using the patterns so acquired.

APPEAL from a judgment in favor of the plaintiff, entered upon the decision of the Erie Special Term.

*Brundage & Chipman,* for the appellant.

*Strong & Brendel,* for the respondent.

HAIGHT, J.:

This action was brought to restrain the defendant from manufacturing and selling pumps made from patterns copied and designed from the patterns designed by the plaintiff, and for damages. The trial court found as facts that the plaintiff is the inventor and owner of what is known as Tabor's rotary pump, and that he manufactures the same for sale; that he had spent a good deal of time, study, thought, labor and money to make and perfect patterns from which to manufacture the pump; that the patterns were never thrown upon the market or given to the public prior to the commencement of this action; that one Francis Walz, a pattern-maker, surreptitiously made a set of patterns from measure-

ments taken from the plaintiff's patterns while the same were in his possession for repairs; that such measurements were taken and duplicates made without the consent or knowledge of the plaintiff; that they were made for the defendant who paid Walz therefor; that before the commencement of this action the defendant had commenced to manufacture pumps from such patterns so obtained, and that he knew that Walz had made the patterns from measurements taken from the plaintiff's patterns without the knowledge or consent of the plaintiff.

It is contended in the first place that this action will not lie for the reason that the plaintiff has an adequate remedy at law against Walz for trespass, and numerous authorities are cited to establish this proposition. If it was a trespass merely there would be force in the appellant's position, but if, as is claimed by the respondent, these patterns were the invention and creation of the plaintiff, embodying his time, skill, study and labor, and were kept by him as a secret of his trade or business, then we apprehend there would be no question but that the procuring of copies of them surreptitiously, without the plaintiff's knowledge or consent, for the purpose of giving them to the public or to others to manufacture similar machines therefrom, would result in irreparable injury and be the proper subject for the consideration of a Court of Equity.

The real question in the case is as to whether or not the plaintiff still has an exclusive property in the invention embodied in the patterns. It appears from the evidence that the plaintiff first invented what is known as Tabor's rotary pump in the year 1861, and that he then obtained a patent upon it; that he continued to manufacture the pump so patented for a number of years until the patent expired; that about eight years ago he invented several improvements upon the old pump and then continued to manufacture the pump with these improvements and abandoned the manufacture of the old patented pump; that the patterns so surreptitiously procured by the defendant were copies of the patterns of the new improved pump.

The principle is well settled that an author or inventor has an exclusive property in his own composition or invention until its publication to the world. (*Hammer* v. *Barnes*, 26 How., 174; *Kiernan* v. *The M. Q. T. Co.*, 50 id., 194; *Potter* v. *McPherson*, 21

Hun, 559; *Palmer* v. *De Witt*, 47 N. Y., 532; *Peabody* v. *Norfolk*, 98 Mass., 452; 2 Story's Eq. Jur., § 952.) This the appellant concedes and it, therefore, becomes necessary to determine whether the plaintiff's invention has been delivered to the world. So far as the patented pump is concerned, the plaintiff has doubtless no further exclusive property in the invention. The plans and specifications from which the machine was constructed were placed on file in the patent office, where they became the property of the public, and all persons desiring may have copies thereof. The time within which the plaintiff was secured the sole right to manufacture and sell by the terms of the patent, having expired, any person is at liberty to now engage in the manufacture and sale of such machines. But as to the improved machine, the subsequent inventions, a different question is presented. These improvements have never been patented and, consequently, the plaintiff is unable to claim any protection through the patent laws. He has invented and constructed patterns from which he has manufactured the improved pump. The pump so manufactured has been sold, and in that way given to the public; but the patterns from which it was manufactured have never been sold, but have always been kept subject to his own control and management. The sale of the machine does not amount to a publication of the patterns, plans and specifications from which the machine was constructed. It is possible that an individual may be able to procure plans and specifications and construct patterns from the machine that has been sold, and yet there are doubtless instances in which machinery is so complicated that it would be extremely difficult, if not impossible, so to do. In such a case the sale of the machine and its publication to the world would not enable others to manufacture and sell the same machine for the reason that the plans, specifications, patterns and devices by which the same was manufactured still remained a secret, locked up in the inventor's manufactory. Suppose, for instance, that the successful operation of the machine required it to be constructed of a composition or combination of metals, which was the device and invention of the manufacturer; could it be said that the sale of the machine, to be devoted to the uses for which it was constructed, carried with it the right to the secret formula by which the inventor

had compounded the material out of which it was constructed, or the manner in which the material had been treated and prepared for use? We think not. Take a more common illustration, one with which the courts are familiar, having been the subject of frequent adjudications, that is, the compounding of medicines for specific diseases, where the inventor maintains the secret of the compounding as a part of his trade or business. The courts have uniformly restrained all persons in his employ who necessarily become possessed of the formula in the manufacture of the article, from subsequently engaging in its manufacture, or from imparting it to others, thus in effect holding that the sale of the compounded article to the world was not a publication of the formula or device used in its manufacture.

It consequently appears to us that the manufacture and sale of the pumps in question was not a publication of the plans, specifications and patterns from which the pump was manufactured. That so far as the improved pump was concerned, the plaintiff had the right to keep the plans, specifications and patterns from the public, and thus secure to himself the benefit of the business in which he was engaged; that the defendant had no right to procure copies surreptitiously, without the knowledge of the plaintiff, by employing one of his pattern-makers or repairers to so make them, and that the court has power to restrain the use of the pattern so acquired.

The judgment should, therefore, be affirmed with costs.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

Judgment affirmed, with costs.